```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SUZANNE CONWAY, et al., | |
| Plaintiffs, | Civil No. 13-4453 (NLH) |
| v. | |
| URIE'S WATERFRONT RESTAURANT, et al., | MEMORANDUM OPINION & ORDER |
| Defendants. | |

**HILLMAN, District Judge**

WHEREAS, husband and wife Suzanne Conway and George Brooks claim that defendants "Urie's Waterfront Restaurant" and "Big Fish Restaurant Group" breached a duty of care owed to them, and that this breach caused Conway and Brooks to fall into the water off Defendants' floating dock; and

WHEREAS, Plaintiffs more specifically claim that Urie's and Big Fish Restaurant Group negligently failed to maintain and repair the floating dock, knowingly allowed a dangerous condition to exist, failed to warn them of the dangerous and unsafe condition of the dock, and failed to provide adequate lighting and barricades, all resulting in Plaintiffs falling off the dock and suffering injuries; and

WHEREAS, Defendants having moved for summary judgment in their favor on all of Plaintiffs' claims because they argue that there is no evidence - expert or otherwise – to show that the

floating dock was in a dangerous condition or that Defendants otherwise breached a duty of care to Plaintiffs; and

WHEREAS, during the pendency of Defendants' motion, the Court having ordered the parties to file a joint certification of the citizenship of the parties, for two reasons: (1) the complaint's jurisdictional allegations regarding defendants Urie's Waterfront Restaurant and Big Fish Restaurant Group were insufficient to establish diversity jurisdiction in that the complaint fails to identify what kind of business association these entities are, thus preventing an application of the appropriate diversity jurisdiction test or standard applicable to each, and (2) judgment may only be entered against or in favor of a party whose identity is properly established (Docket No. 39); and

WHEREAS, the parties having complied with the Court's Order by filing their joint certification, which provides that "Big Fish Restaurant Group" no longer exists, and "Urie's Waterfront Restaurant" is owned by Dirysa LLC and Rysadi LLC[1] (Docket No. 40); and

---

[1] Because the citizenship of an LLC is determined by the citizenship of each of its members, Defendants listed the members of Dirysa LLC and Rysadi LLC.  On the parties' first joint certification, even though each member's name and address was listed, the joint certification was silent as to the actual state of citizenship of each of the members.  (Docket No. 40.)

2

WHEREAS, the information in the joint certification fails to correct the problem that a judgment may only be entered against or in favor of a party whose identity is properly established; and

WHEREAS, Defendants have moved for summary judgment on the basis that they, as business owners, have a duty of care to their patrons, but that Plaintiffs have not provided any evidence to support that they breached that duty; but

WHEREAS, the named Defendants are not the "business owners" who may be entitled to judgment; and

WHEREAS, Plaintiffs have therefore lodged their claims against two entities that do not exist, and the two non-existent entities have moved for judgment in their favor;

Consequently,

IT IS on this __25th__ day of __August__ 2016

ORDERED that Defendants' motion for summary judgment [23] be, and the same hereby is, DENIED WITHOUT PREJUDICE; and it is further

---

The Court issued another order to show cause requiring the parties to identify the state of citizenship for each member of the LLCs. (Docket No. 45.) The parties filed a second joint certification, which provides that each member is a citizen of New Jersey. (Docket No. 48.)

ORDERED that, within 14 days of the date of this Order, the parties shall notify the Court as to their positions on amending the pleadings and the docket to reflect the proper parties to this action.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |