UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUZANNE CONWAY and GEORGE BROOKS,<br><br>    Plaintiffs,<br><br>v.<br><br>DIRYSA, LLC and RYSADI, LLC, d/b/a URIE'S WATERFRONT RESTAURANT, et al.,<br><br>    Defendants. | Civil No. 13-4453 (NLH)<br><br>OPINION |

**APPEARANCES:**

    DANA KLAYMAN WEITZ, ESQ.
    Schatz & Steinberg, P.C.
    801 Kings Highway
    Cherry Hill, NJ 08034
        *Attorney for Plaintiffs*

    LISA BAUGHMAN, ESQ.
    Law Office of Charles A. Little, Jr.
    112 West Park Dr., Suite 150
    Mt. Laurel, NJ 08054
        *Attorney for Defendants*

**HILLMAN, District Judge**

    Plaintiffs, husband and wife Suzanne Conway and George Brooks, claim that defendants Dirysa, LLC and Rysadi, LLC, which do business as Urie's Waterfront Restaurant, breached a duty of care owed to Plaintiffs when Conway and Brooks fell into the water off Defendants' floating dock. Before the Court is

Defendants' motion for summary judgment.[1] For the reasons expressed below, the Court will grant Defendants' motion.

## BACKGROUND

The following facts are not in dispute. On August 24, 2012, Plaintiffs Susan Conway and George Brooks, a married couple, went to Urie's Waterfront Restaurant ("Urie's") in Wildwood, New Jersey, for dinner, accompanied by their 12-year old grandson, Rodney, and their daughter. Floating docks are located behind Urie's for patrons to park their boats. Rodney wanted to see the boats, so at approximately 8:30 or 9:00 p.m. Conway, her daughter, and Rodney walked down a ramp leading to a

---

[1] This is Defendants' second motion for summary judgment. During the pendency of Defendants' first motion, the Court ordered the parties to file a joint certification of the citizenship of the parties, for two reasons: (1) the complaint's jurisdictional allegations regarding defendants Urie's Waterfront Restaurant and Big Fish Restaurant Group were insufficient to establish diversity jurisdiction in that the complaint failed to identify what kind of business association these entities are, thus preventing an application of the appropriate diversity jurisdiction test or standard applicable to each, and (2) judgment may only be entered against or in favor of a party whose identity is properly established. (Docket No. 39.) The parties complied with the Court's Order by filing their joint certification, which provided that "Big Fish Restaurant Group" no longer exists, and "Urie's Waterfront Restaurant" is owned by Dirysa LLC and Rysadi LLC, and that the members of those entities are citizens of New Jersey, therefore conferring subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are citizens of Pennsylvania. (Docket No. 40.) Thereafter, Plaintiffs filed an amended complaint naming the proper parties as Defendants. (Docket No. 53.) Defendants filed their answer (Docket No. 56, 57) and then filed the instant motion for summary judgment.

floating dock to take a quick picture. Conway testified in her deposition that she was familiar with floating docks, she had walked on them in the past, and she knew that they moved or tilted. She further acknowledged that, although it was just beginning to be dusk, there was still enough light to see. Conway testified that, as she stepped on the dock, the dock tilted and she fell into the water.

Rodney went back to the restaurant and told Brooks that Conway had fallen into the water. Brooks testified at his deposition that, "to save his wife from drowning" he quickly walked "down the ramp, made the turn, and as soon as [he] put [his] foot on the next ramp it tilted, and it threw [him] into the water." (Deposition of George Brooks, ECF No. 23 at 35-36.)

From this incident, Conway fractured her left humerus, among "other serious and permanent injuries." (Complaint, ECF No. 1 at 3.) Brooks' corresponding injuries include lumbar radiculopathy and lumbar disc injuries, among "other serious and permanent injuries." Id.

## DISCUSSION

**A.   Jurisdiction**

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. Plaintiffs are Pennsylvania citizens and Defendants are citizens

of New Jersey.  <u>See</u>, <u>supra</u>, note 1.

**B.   <u>Summary Judgment Standard</u>**

Summary judgment is appropriate when the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the suit's outcome. <u>Id.</u>  A district court, in considering a summary judgment motion, may not weigh evidence or determine credibility; instead, the nonmoving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." <u>Marino v. Indus. Crating Co.</u>, 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact, and, if this burden is met, the nonmoving party must identify, by affidavits or otherwise, specific facts that demonstrate the presence of a genuine issue for trial. <u>Celotex Corp.</u>, 477 U.S. at 317.

Accordingly, to withstand a properly supported summary judgment motion, the nonmoving party must identify specific facts and affirmative evidence contradicting those offered by the moving party, Anderson, 477 U.S. at 256-57, and do more than solely rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

C. **Analysis**

In their Complaint, Plaintiffs claim that Urie's negligently failed to maintain and repair the floating dock, knowingly allowed a dangerous condition to exist, failed to warn them of the dangerous and unsafe condition of the dock, and failed to provide adequate lighting and barricades.  They claim that Defendants' negligence and carelessness caused Plaintiffs to fall off the dock and suffer injury.

Defendants argue that they are entitled to summary judgment under Fed. R. Civ. P. 56(c)(1)(B) because there is no evidence – expert or otherwise – showing that the floating dock was in a dangerous condition or that Defendants otherwise breached a duty of care to Plaintiffs.

Under New Jersey law, a business owner has a duty "to discover and eliminate dangerous conditions . . . that would render the premises unsafe." Jerista v. Murray, 883 A.2d 350, 359 (N.J. 2005) (quoting Nisivoccia v. Glass Gardens, Inc., 818

A.2d 314, 316 (N.J. 2003)).  In addition, "[a]n owner or possessor of property owes a higher degree of care to the business invitee because that person has been invited on the premises for purposes of the owner that often are commercial or business related."  Hopkins v. Fox & Lazo Realtors, 625 A.2d 1110, 1113 (N.J. 1993).

Plaintiffs argue that this Court should deny summary judgment because the floating dock was a dangerous condition that required warnings to the patrons of Urie's.  They contend that "[i]t is solely in the jury's hands to determine whether the existence of the floating dock was a dangerous condition and, as such, whether it was the duty of Defendants to provide warnings to their patrons regarding same."

"In order to sustain a common law cause of action in negligence, a plaintiff must prove four core elements: '(1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages [.]'"  Polzo v. Cty. of Essex, 196 N.J. 569, 584, 960 A.2d 375, 384 (2008) (quoting Weinberg v. Dinger, 106 N.J. 469, 484, 524 A.2d 366, 373 (1987)).  Contrary to Plaintiff's contention, "[w]hether a duty of care exists is a question of law that must be decided by the court."  Jerkins v. Anderson, 191 N.J. 285, 294, 922 A.2d 1279, (2007); see also Holmes v. Kimco Realty Corp., 598 F.3d 115, 118 (3d Cir. 2010) (citing Carvalho v. Toll Bros. & Developers, 675 A.2d 209, 212

(N.J. 1996)).

Plaintiffs argue that Defendants had a duty to warn them that floating docks move or to barricade the dock, but they point to no evidence or authority showing that such duty exists. Although the Supreme Court of New Jersey has not considered the duty of care owed to patrons by a floating dock owner, and there is no published Appellate Division decision on point, in an unpublished opinion the Appellate Division rejected the argument Plaintiffs make here.  See Mattaliano v. Comstock Yacht Sales & Marina, No. A-0173-08T1, 2009 WL 1514945 (N.J. Super. Ct., App. Div., June 2, 2009), certif. denied, 200 N.J. 367 (2009).  In that case, the plaintiff visited defendant's marina and, with the assistance of an employee, he stepped from a floating dock onto a boat which was for sale.  When plaintiff was ready to leave the boat, he pulled the mooring line to get the boat closer to the dock, but he let go of the line before stepping onto the dock.  "The boat began to move away from the dock, and as he was stepping onto the dock, plaintiff fell, injuring his knee."  Id. at *1.

In response to the defendant's motion for summary judgment, the plaintiff argued that defendant owed him a duty to provide a safe and secure means of entering and departing the boat.  The plaintiff "produce[d no] evidence, however, showing that the manner and means used by defendant in providing access to the

boat deviated from or were otherwise inconsistent with a recognized industry standard or regulatory scheme." Mattaliano, 2009 WL 1514945 at *1.  The trial court granted summary judgment, noting that "the concept of a floating dock is that it floats on the water. . . . [S]ince it is clear that the dock floats on the water, the risk is obvious to any person who steps onto such a dock.  The dock will move - that is its nature." Id. at *2.  The Appellate Division affirmed based on the rationale of the trial court:

> Plaintiff contends that defendant must tie up the boat more sufficiently and have a spotter, e.g., an employee here at all times to assist a customer onto a boat.  However, plaintiff has cited no authority for such a proposition, nor has plaintiff come forward with any professional standards where such a practice is mandated . . .  Moreover, public interest will not be furthered through the imposition of such a new duty on marina owners.  Clearly, water's movement cannot be controlled.  Thus, no genuine issue of material fact has been raised about any duty[.]

Mattaliano, 2009 WL 1514945 at *3.

Similarly, in this case Plaintiffs have not come forward with any evidence or authority to establish that Defendants had a duty to warn them that a floating dock moves or had a duty to barricade the dock.  In fact, Conway admitted in her deposition that she knew that floating docks move.  Plaintiffs' argument that Defendants had a duty to provide warnings or a barricade falls within the holding of Mattaliano.  Plaintiffs essentially maintain that the floating dock was itself a dangerous

condition, an argument which Mattaliano squarely rejected, Id. at *3, and which we reject here.

Plaintiffs also argue that the lighting was inadequate but, again, Plaintiffs point to no evidence or authority showing the inadequacy.  In fact, Conway testified in her deposition that, although it was "just getting dusk," it was light enough for her to see.  Plaintiffs cite to the allegations in their Complaint, but "to defeat a motion for summary judgment, a party cannot rest simply on the allegations in the pleadings."  Bhatla v. U.S. Capital Corp., 990 F.2d 780, 786 (3d Cir. 1993); Fed. R. Civ. P. 56(c)(1).

Because there is no genuine issue of material fact that Defendants breached a duty of care and, thereby, caused injury to Plaintiffs, Defendants are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion for summary judgment.  An appropriate Order accompanies this Opinion.


                                    s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.

Date:  October 20, 2016

At Camden, New Jersey